UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN J. BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-cv-03219-DML-TWP |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of the Social Security, | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## Decision on Complaint for Judicial Review

Plaintiff Steven J. Barton applied in August 2012 for Supplemental Security Income disability benefits (SSI) under Title XVI of the Social Security Act. His application alleged a disability onset date from his date of birth in 1989. Acting for the Commissioner of the Social Security Administration following a hearing held May 11, 2015, administrative law judge Kimberly Sorg-Graves issued a decision on June 23, 2015, finding that Mr. Barton is not disabled. The Appeals Council denied review of the ALJ's decision on September 22, 2016, rendering the ALJ's decision for the Commissioner final. Mr. Barton timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Mr. Barton contends the ALJ erred by (1) failing to address a medical opinion that he medically equaled Listing 12.10, which an ALJ had relied on years earlier in

awarding benefits to Mr. Barton, (2) failing to address certain opinions by vocational counselors who had worked with Mr. Barton, and (3) failing to account in the RFC for his moderate difficulties with concentration, persistence, or pace.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Mr. Barton's specific assertions of error.

## **Standard for Proving Disability**

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Mr. Barton is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(3)(B). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's]

physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can

perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

**Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines the conclusions she made, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

**Analysis**

**I.**     **Prior Award of Disability Benefits**

The administrative record before the ALJ includes a decision issued by an administrative law judge (Philip J. Simon) on September 1, 2009, that Mr. Barton was disabled and entitled to disability benefits as of the date of his prior application

4

for SSI benefits on September 8, 2007. (R. 129-139). At that time, Mr. Barton was a foster child and living in California. (*See* R. 132). These benefits were terminated in 2012. The record does not reveal why; it is possible that the benefits had been awarded under the child's disability benefits program and they had "automatically" terminated at that time.[1]

ALJ Simon had decided that Mr. Barton was presumptively disabled as medically equaling Listing 12.10 based on the hearing testimony of a medical doctor, Dr. Griffin. Dr. Griffin's testimony about his opinions and the bases for them are described in great detail in ALJ Simon's decision.[2] Dr. Griffin opined that Mr. Barton suffered from autistic spectrum disorder, borderline intellectual functioning, and learning disorders; he rendered opinions on the A and B factors of Listing 12.10 and he explained why he determined that Listing 12.10 was medically equaled, even though not met. ALJ Simon explained why he gave great weight to Dr. Griffin's opinions and why he gave less weight (and essentially rejected) opinions in the record rendered by a treating psychologist (Dr. Rush), a consultative examining psychologist (Dr. Krieg), and by a state agency reviewing psychologist.

---

[1] SSI disability benefits to a child because of his own disability terminate when the child turns 18 (because he is no longer deemed a "child") or they can continue up to age 22 if the child is in school. The date of termination of Mr. Barton's benefits seems to coincide with a change in age category over 22.

[2] The transcript from the hearing before ALJ Simon is also in the administrative record. *See* R. 80-128.

5

As addressed below in Section II, the ALJ here ignored the prior decision awarding benefits and the opinions of Dr. Griffin that are described in great detail in the prior decision and hearing transcript.

I.   **The ALJ's Sequential Findings**

The application for benefits under review in this case was filed on August 30, 2012. Mr. Barton was born in 1989 and was 23 years old at the time of his SSI application and 25 years old at the time of the ALJ's decision.

At step one, the ALJ found that Mr. Barton had not engaged in substantial gainful activity since he filed his application. Indeed, Mr. Barton has essentially no work history.

At step two, the ALJ identified one severe impairment: "cognitive disorder, with memory deficits." (R. 22). At step three, he evaluated the impairment against Listings 12.02 (organic mental disorders) and 12.10 (autistic disorder and other pervasive developmental disorders) and found that neither was met or medically equaled.

For purposes of applying steps four and five, the ALJ decided that Mr. Barton has the following RFC. He can perform the full range of work at all exertional levels, but his nonexertional limitations require work involving only "simple and repetitive tasks, without a strict production rate" and "no more than occasional and superficial interaction with the general public, coworkers, and supervisors."

Mr. Barton had no past relevant work to evaluate at step four. Taking into account this RFC and Mr. Barton's vocational factors, the vocational expert testified

6

that Mr. Barton is capable of performing certain jobs that exist in significant numbers in Indiana—medium level work as a dishwasher, laundry worker, or dining room attendant. The ALJ credited the VE's testimony and accordingly found at step five that Mr. Barton is not disabled.

## Analysis

As noted above, Mr. Barton makes three assertions of error: failing to address the medical opinion from the earlier award of disability benefits; failing to address important information provided by vocational counselors; and failing to properly account in the RFC for his difficulties with concentration, persistence, or pace.

The court finds that remand is required because the ALJ did not address the medical opinion that led to an earlier award of benefits. The court need not and does not resolve the other alleged errors.

**I.    The ALJ was required to address all medical opinions in the record.**

SSA regulations require an evaluation of *all* medical opinions in the record. A medical opinion is a statement from an acceptable medical source that "reflect[s] judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis, and prognosis." 20 C.F.R. § 416.927(a)(1). As provided by 20 C.F.R. § 416.927(b), the Agency must "always consider the medical opinions in [the claimant's] case record together with the rest of the relevant evidence we receive." *See also id.* § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.") The evaluation of a medical opinion

7

requires some discussion of the weight the ALJ gives to the opinion based on such factors as the degree to which the opinion (a) is supported by relevant evidence and explanations, (b) considered all pertinent evidence, (c) is consistent with the record as a whole, and (d) is supported by other factors, such as the physician's understanding of SSA disability requirements. *Id.* § 416.927(c)(3), (4), (6). The physician's field of specialty is also considered. *Id.* § 416.927(c)(5).

Despite these clear regulatory requirements, ALJ Sorg-Graves never mentioned Dr. Griffin's medical opinion or even that Mr. Barton had received disability benefits based on a prior decision that he was presumptively disabled under Listing 12.10, a decision that was based primarily on Dr. Griffin's medical opinion. The court does not suggest that the ALJ was required to give any particular weight to Dr. Griffin's medical opinion; there are contradictory medical opinions in the record that the ALJ did evaluate. But the ALJ cannot simply ignore a line of evidence that undermines her conclusions. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004).

The Commissioner's argument that the ALJ was free to ignore Dr. Griffin's expert medical testimony from 2009 because it pre-dated Mr. Barton's 2012 application for SSI benefits is rejected. The SSA regulations that *require* the Agency to develop a medical history for a claimant for "at least the 12 months preceding the month in which you file your application" does not allow the Agency to *ignore* evidence in the record that precedes that 12-month period. The court is aware of no authority for such a proposition (and the Commissioner does not cite

any); it is inconsistent with the SSA's regulations; it is illogical; and it is contrary to case law. *See Eichstadt v. Astrue,* 534 F.3d 663, 667 (7th Cir. 2008) (ALJ did not refuse to consider evidence based on its date "but instead she examined it as required"); *Johnson v. Sullivan,* 915 F.3d 1575 at *3 (7th Cir. 1990) (unpublished decision) ("Johnson is correct that the ALJ should consider the record as a whole, including pre-onset evidence (particularly relating to a degenerative condition) and post-onset evidence."); *Halvorsen v. Heckler,* 743 F.2d 1221, 1225-26 (7th Cir. 1984) (finding that ALJ's decision was not supported by substantial evidence in part because he gave little, if any, consideration to medical records solely because of their date—records post-dating the claimant's date last insured—without regard to whether the contents of the record shed light on the claimant's disability at earlier points in time). *See also Carpenter v. Astrue,* 537 F.3d 1264, 1266 (10th Cir. 2008) (finding error in the ALJ's failure to acknowledge medical evidence pre-dating the claimant's onset date because "the regulations require the ALJ to 'consider all evidence in [the] case record when [he] makes a determination or decision whether [claimant is] disabled'").

Because the ALJ ignored a medical opinion—and one that served as the primary basis for a prior decision by the Agency that Mr. Barton was disabled—reversal and remand is required.

## II. Other Alleged Errors

The court does not resolve the other errors alleged by Mr. Barton. On remand, the ALJ should address the evaluations in the record provided by

9

vocational counselors and make clear the evidentiary bases upon which she found that Mr. Barton's particular difficulties with concentration, persistence, or pace were appropriately accommodated by her RFC.

## **Conclusion**

For the foregoing reasons, the court REVERSES AND REMANDS under sentence four of 42 U.S.C. § 405(g) the Commissioner's decision that Mr. Barton was not disabled.

So ORDERED.

Dated: March 20, 2018

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system